IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 0:00-783-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEITH DEMOND INGRAM | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Keith Demond Ingram, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved to dismiss[2] the petition as untimely, successive, and lacking substantive merit. For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the § 2255 motion should be dismissed.[3]

PROCEDURAL HISTORY

A jury found the defendant guilty of robbery (Count 1); using a firearm in relation to a crime of violence (Count 2); and being a felon in possession of a firearm (Count 4). The court sentenced the defendant to a term of 342 months imprisonment. The Fourth Circuit

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] After the government moved for dismissal/summary judgment of the § 2255 motion, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion.

[3] In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

1

Court of Appeals affirmed the defendant's conviction in its mandate dated September 27, 2002.

The defendant's first § 2255 motion was filed on September 8, 2003, which this court denied.

APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. A petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

DISCUSSION

The present § 2255 motion was filed on August 6, 2012 and is the defendant's second § 2255 motion. The defendant argues that he is entitled to relief based upon the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). It appears that the defendant assumes that his § 2255 motion is timely because it was filed within one year of the *Simmons* case which was decided on August 17, 2011.

The *Simmons* decision, which interpreted and applied *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2377 (2010), held that when assessing whether prior North Carolina convictions constitute predicate offenses, courts must look only to the statutory minimum and maximum sentence as found by the North Carolina state court for that particular defendant. However, the Fourth Circuit has recently held that the rule announced in *Carachuri-Rosendo* and

2

applied in *Simmons* is not retroactive to cases on collateral review. *See United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). In *Powell*, the Fourth Circuit ruled that because the *Carachuri-Rosendo* holding is not retroactive, a § 2255 petitioner cannot rely on that case or *Simmons* to reset the one-year limitations period under § 2255(f)(3).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

(1) the date on which the judgment of conviction becomes final;[4]

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Supreme Court issued *Carachuri-Rosendo* on June 14, 2010, and the defendant filed his present § 2255 motion more than two years later on August 6, 2012. Therefore, the

---

[4] For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522 (2003). The defendant's conviction became final on or about December 21, 2002, when the 90-day time period for application of certiorari to the United States Supreme Court expired.

3

one-year time limit from June 14, 2010 has already expired, making the defendant's motion untimely.

In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ____, 130 S. Ct. 2549 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316 (1964)). Here, however, the defendant does not meet either of these factors to warrant equitable tolling in his case.

Even assuming, arguendo, that *Carachuri–Rosendo* was retroactively applicable to cases on collateral review—which it is not— the defendant would have had one year from June 14, 2010 (the date of the Supreme Court decision) to file an ineffective assistance of counsel claim. However, the defendant failed to timely do so.

To the extent that the defendant claims that his appellate counsel was ineffective for not filing a Section 2255 petition after *Simmons* was decided, such assertion is without merit as former appellate counsel has no ongoing duty to file any post-conviction relief motions for the defendant.

As the government further asserts in its motion for dismissal, even if the § 2255 motion were timely, the defendant's reliance on *Simmons* is misplaced because *Simmons* dealt with the North Carolina state sentencing scheme in which a defendant's maximum

sentence is determined by a guidelines grid. The defendant's prior drug convictions occurred in South Carolina, and *Simmons* specifically deals with prior North Carolina convictions.

Because the present § 2255 motion is the defendant's second petition, he must seek authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion pursuant to Section 2255(h). *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Without such authorization, this court lacks jurisdiction to consider the defendant's claims.

## CONCLUSION

For all the foregoing reasons, the court hereby dismisses the § 2255 motion as untimely and successive.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[5]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 10, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).